COZEN O'CONNOR
45 Broadway Atrium, Suite 1600
New York, New York 10006-3792
Tel.: (212) 509-9400
David Y. Loh (DYL 0460)

Attorneys for Defendant
PRIMARY FREIGHT SERVICES, INC.
File No.: 213715

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------X
MUTUAL MARINE OFFICE, INC.,                              Docket No. 07 Civ. 8363 (DLC)

                Plaintiff,

     -against-                                            **PRIMARY FREIGHT'S ANSWER**

M/V "MOL INITIATIVE," her engines,
tackle, boilers, etc.; PRIMARY FREIGHT
SERVICES, INC.;

                Defendants.
---------------------------------------------------------X

      Defendant PRIMARY FREIGHT SERVICES, INC. (hereinafter referred to as "PFS"), by its attorneys COZEN O'CONNOR, answering plaintiff's Complaint, says as follows:

1. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs "1" and "2" of the Complaint, and respectfully refers all questions of law for determination by this Court at time of trial.

2. Admits that PFS has offices located at 1435 Morris Avenue, Union, New Jersey 07083, but except as specifically admitted, denies each and every remaining allegation

1

contained in paragraph "3" of the Complaint.

3. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs "4", "5", "6", "7" and "8" of the Complaint, and respectfully refers all questions of law for determination by this Court at time of trial.

### FIRST AFFIRMATIVE DEFENSE

4. Plaintiff has failed to state a cause of action upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

5. Plaintiff is not the real party in interest.

### THIRD AFFIRMATIVE DEFENSE

6. Defendant PFS is an agent for a disclosed principal.

### FOURTH AFFIRMATIVE DEFENSE

7. Plaintiff is barred as it has assumed all risks inherent in the subject shipment.

### FIFTH AFFIRMATIVE DEFENSE

8. The occurrence and damages, if any, sustained by plaintiff, resulted wholly and solely from the fault, neglect and want of care of plaintiff or persons and parties other than PFS for whose acts said Defendant is not liable or responsible, and was not the result of any negligence, breach of contract, fault or want of care on the part of PFS.

## SIXTH AFFIRMATIVE DEFENSE

9. Plaintiff's claims are barred by the equitable principles of waiver, estoppel, accord and satisfaction and laches.

## SEVENTH AFFIRMATIVE DEFENSE

10. PFS operates under certain standard terms and conditions. All of these terms and conditions are hereby incorporated by reference and govern the shipment which is the subject of this action. The terms and conditions provides the specific bar to plaintiff's claims and exonerate defendant, PFS in part from liability not to exceed a certain value of the cargo which is lost or damaged.

## EIGHTH AFFIRMATIVE DEFENSE

11. Any loss or damage as alleged arose from acts or omissions of agents of plaintiff for which PFS has no liability.

## NINTH AFFIRMATIVE DEFENSE

12. Plaintiff has failed to name necessary and indispensable parties to this action.

## TENTH AFFIRMATIVE DEFENSE

13. Plaintiff's claims are barred by documents issued with respect to the subject shipment including, but not limited to, bills of lading, dock receipts, air waybills, house air waybills, shipper's letters of instructions and delivery receipts.

### ELEVENTH AFFIRMATIVE DEFENSE

14. Plaintiff has failed to make a timely notice of claim and therefore, the instant action is barred as a matter of law and/or the actions are barred by applicable statute of limitations.

### TWELFTH AFFIRMATIVE DEFENSE

15. PFS states that plaintiff failed to provide proper instructions for the handling of the cargo.

### THIRTEENTH AFFIRMATIVE DEFENSE

16. PFS claims the benefit of all exculpatory clauses or other similar provisions limiting its liability, as contained within the express terms and conditions of documents issued with regard to the subject shipment and/or any other documents deemed as contracts of carriage, to $500 per package and expressly excluding liability for matters sued upon herein.

### FOURTEENTH AFFIRMATIVE DEFENSE

17. Plaintiff's claims are subject to the provisions of the United States Carriage of Goods by Sea Act of 1936, 46 U.S.C. Appx. Section 1300, *et seq.*, the General Maritime Law and/or the Warsaw Convention, 49 Stat. 3000, *et seq.* and/or the Carmack Amendment, 49 U.S.C. Section 11706 or 14706.

### FIFTEENTH AFFIRMATIVE DEFENSE

18. PFS states that it is not responsible or liable for the action or inaction of any independent contractor.

### SIXTEENTH AFFIRMATIVE DEFENSE

19. The claims asserted by Plaintiff are barred in whole or in part to the extent that it seeks the recovery of consequential damages, ancillary damages and/or economic losses.

### SEVENTEENTH AFFIRMATIVE DEFENSE

20. Defendant PFS is not a "carrier" as that term is defined pursuant to the applicable federal statute governing the transportation of goods for hire and cannot held liable to plaintiff's claim for cargo loss or damage.

### EIGHTEENTH AFFIRMATIVE DEFENSE

21. This Court lacks personal jurisdiction over defendant PFS in this matter.

### NINETEENTH AFFIRMATIVE DEFENSE

22. This dispute is not properly venued in the U.S. District Court for the Southern District of New York in that the shipment in question did not travel through the State of New York, none of the operative facts and witnesses are located within this district and plaintiff's damages are alleged to have occurred at some point between Bayonne, New Jersey and Boston, Massachusetts.

### TWENTIETH AFFIRMATIVE DEFENSE

23. *Forum non conveniens.*

**WHEREFORE**, defendant PRIMARY FREIGHT SYSTEMS, INC. respectfully requests that this Court dismiss the complaint filed in this action, together with costs and disbursements, including reasonable attorneys fees and expenses, and enter a judgment dismissing this complaint in its entirety, together with an award of attorneys' fees, costs and any other further relief that justice requires.

Dated:  October 19, 2007
       New York, New York

                            COZEN O'CONNOR
                            Attorneys for Defendant
                            PRIMARY FREIGHT SERVICES, INC.

By: _____
     David Y. Loh (DL 0460)
     45 Broadway Atrium – Suite 1600
     New York, New York  10006
     Tel.:  (212) 509-9400
     File No.:  213715

TO:

MCDERMOTT & RADZIK, LLP
Attorneys for Plaintiff
Wall Street Plaza
88 Pine Street, 21st Floor
New York, New York  10005-1801

<u>Attention</u>:  James J. Ruddy, Esq.
Ref:  GM-07-3593 JJR

NEWYORK\261094\1   213715.000

## AFFIDAVIT OF SERVICE

STATE OF NEW YORK  )
                   ) ss:
COUNTY OF NEW YORK )

Nancy Bell, being duly sworn, deposes and says:

I am not a party to this action, am over 18 years of age, and reside in Staten Island, New York. On October 19, 2007, I served the within *Primary Freight's Answer* by depositing a true copy thereof enclosed in a post-paid wrapper, in an official depository under the exclusive care and custody of the United States Postal Service, addressed to the following at the address set forth below:

> James J. Ruddy, Esq.
> McDermott & Radzik, LLP
> Wall Street Plaza
> 88 Pine Street, 21st Floor
> New York, New York 10005-1801

_____
Nancy Bell

Sworn to before me this 19th day of October, 2007.

_____
NOTARY PUBLIC

DAVID Y. LOH
Notary Public, State of New York
No. 02LO5032124
Qualified in New York County
Commission Expires Aug. 22, ____
Oct. 1, 2010

NEWYORK\261190\1 213715.000